**Record/FILE ON DEMAND**
Acceptance of Offer with full immunity AND WITHOUT RECOURSE! NBLB-0925NLBLBCATR-ATRAB2GOV1

**Nelson L. Bruce, a Private State of South Carolina Citizen**
**c/o PMB 1605 Central Avenue, Suite 6 #167**
**Summerville, South Carolina - ZIP Code exempt USA**
(please note no special mail, parcels or bulk items permitted)

## In the South Carolina DISTRICT Court for the DISTRICT of South Carolina at Common Law

| | | |
|---|---|---|
| Nelson L. Bruce, Sui Juris | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:18-cv-02635-BHH-MGB |
| | ) | |
| - v - | ) | |
| | ) | |
| Government National Mortgage Association | ) | COMPLAINT |
| (Ginnie Mae); Federal Reserve Bank of | ) | FOIA VIOLATION |
| Richmond (Charlotte Office); U.S. | ) | |
| Department of Housing and Urban | ) | |
| Development (HUD); Federal Housing | ) | |
| Administration (FHA); U.S. Department of | ) | TRIAL BY JURY |
| The Treasury; et al. | ) | DEMANDED HEREIN |
| | ) | |
| Defendant | ) | |

### OPENING STATEMENT

This action arises out of denial of public information through the Freedom of Information Act of 1966, a federally mandated statute requiring any government agency to respond to requests for public information.

### JURISDICTION AND VENUE

1. Plaintiff, Nelson L. Bruce, as an Sui Juris litigant, invokes this court's jurisdiction under common law and pursuant to the First Amendment of the U.S. Constitution, the right to petition government for redress of grievance.

2. The Plaintiff further invokes the jurisdiction of this court pursuant to U.S.C. Title 5, Section 552. This action is within the statute of limitations for time and the

damage and cause of action have occurred within the venue and jurisdiction of this court.

3. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff, Nelson L. Bruce, Sui Juris at all times relevant to this complaint, is living in South Carolina state and brings this action without the aid of a licensed attorney.

5. Defendant Government National Mortgage Association (Ginnie Mae) whose address is 425 3rd Street, SW, Suite 500, Washington, DC 20024 an agency of the United States which is federally funded and whose records, pursuant to Title 5 U.S.C. § 552 fall under the category of open public records and has possession of the documents that Plaintiff seeks.

6. Defendant Federal Reserve Bank of Richmond (Charlotte Office) whose address is 530 East Trade Street, Charlotte, North Carolina 28202 which is an Instrument of the United States whose records, pursuant to Title 5 U.S.C. § 552 fall under the category of open public records and has possession of the documents that Plaintiff seeks.

7. Defendant U.S. Department of Housing and Urban Development (HUD) whose address is 451 7th Street S.W., Washington, DC 20410 is an agency of the United States whose records, pursuant to Title 5 U.S.C. § 552 fall under the category of open public records and has possession of the documents that Plaintiff seeks.

8. Defendant Federal Housing Administration (FHA) whose address is 451 7th Street S.W., Washington, DC 20410 is an agency of the United States whose records, pursuant to Title 5 U.S.C. § 552 fall under the category of open public records and has possession of the documents that Plaintiff seeks.

9. Defendant U.S. DEPARTMENT OF THE TREASURY whose address is 1500

Pennsylvania Avenue, NW, Washington. D.C. 20220 is an agency of the United States whose records, pursuant to Title 5 U.S.C. § 552 fall under the category of open public records and has possession of the documents that Plaintiff seeks.

## STATEMENT OF FACTS

10. By presentment dated **August 14, 2018**. Plaintiff requested public information and or information bearing an **OMB#** (Office of Management and Budget –control number) through the **Freedom of Information Act, Common Law Request and or open Public Records Acts** from the **F.O.I.A. Department** of the **"Federal Reserve Bank of Charlotte North Carolina (part of the Virginia headquarters division)** which received the request on **August 16, 2018**. The Plaintiff requested exact copies of any and all "**FR-2046 forms**" received by them from certain organizations that are member banks of their agency, which plaintiff never received the requested documents nor a response back on his request as of the date of this filing. A copy of this presentment is attached as **Exhibits - 1**.

11. On **March 17, 2017**, Plaintiff requested public information and or information bearing an **OMB#** (Office of Management and Budget –control number) through the **Freedom of Information Act** from the **F.O.I.A. Department** of the **"DEPARTMENT OF THE TREASURY" (FOIA # 2017-03-146)** which an individual by the name of **Katelyn M. DeLucca** operating as the case manager in the "FOIA and Transparency" department of this agency acknowledged receipt of the request on **March 21, 2017**. The Plaintiff requested exact copies of any and all eligible paper such as promissory notes, bills of exchange bearing plaintiffs name, signature and an address of the plaintiff currently in the sole possession of their partner/associated agency, the Federal Reserve

Bank as collateral and or a statement stating they are the true holders in due course of such original instruments and the names of the bank(s) (financial institutions) that transferred the instruments to them, which plaintiff never received the requested documents nor a response back on his request as of the date of this filing. A copy of this request is attached as **Exhibits - 2**.

12. Plaintiff has made several requests for public information through the Freedom of Information Act from **Ginnie Mae, FHA and HUD** which the requests was received on the **HUD FOIA** request website **(Request #'s 17-FI-HQ-0077, 17-FI-HQ-01325, 17-FI-HQ-01707, 17-FI-HQ-01708, 18-A-HQ-00001, 18-FI-HQ-00765, 18-FI-HQ-01498, 18-FI-HQ-01499, and 18-FI-HQ-01665)** which HUD is the point of contact who is mediating the requests on behalf of the referenced three parties above. The **HUD FOIA supervisor** is **Deborah R. Snowden** acting in her capacity as "Deputy Chief FOIA Officer" of **HUD**. A copy of these request is attached as **Exhibits - 3**.

13. With a letter dated **September 30th, 2017** (6 months later, past the time required for a response to a FOIA request) **HUD** responded on behalf of **Ginnie Mae** stating that "You are provided by with a response to item #2" of my FOIA **request (request # 17-HQ-00777)** which they did not full respond nor properly respond to the request. **Ginnie Mae** never provided the exact date as requested when **Ginnie Mae** purchased and received the referenced mortgage in their "Mortgage-backed securities pool. They only stated the mortgage may have been liquidated without detailing how and the exact date when the referenced mortgage was liquidated nor by whom it was liquidated to and or by, they stated the month, the year, and the pool numbers **(Pool # 716842 – in April 2009, Pool # AE4766 – in June 2013)** the referenced mortgage was pooled in during the referenced years and provided no copies of certified paperwork nor

electronically filed records documenting this as required by their own policies and as requested which Plaintiff Appealed on **October 5, 2018 (Appeal # 18-A-HQ-00002)** this response only to get the same response with a letter dated **November 8, 2017** which Plaintiff then forwarded to his request to. the "**Office of Government Information Services (OGIS) on November 14, 2017** which OGIS acknowledged receipt of this request on **November 27, 2017** creating **Case # 18-00635** of which they never started mediation services for this dispute as of the time of this filing. **HUD** also stated that they would treat my added on request as a new request, this was not done. No new request was created by the Defendant, only by the Plaintiff. A copy of these request is attached as **Exhibits - 3**.

14. Plaintiff created more FOIA requests only to be ignored, not addressed or closed out without a response. A copy of these request is attached as **Exhibits - 3**.
15. There are still 2 open FOIA requests that have not been completed, one over a year still pending **(FOIA request # 17-FI-HQ-01708)** and the other over 3 months still pending **(FOIA # 18-FI-HQ-01665)** both past the time required for a response and no requests from the defendants inquiring about an extension of time. A copy of these request is attached as **Exhibits - 3**.
16. With a letter dated **June 29, 2018,** Defendant **HUD** responded to Plaintiff's FOIA request # **18-FI-HQ-01498** addressed to **HUD** but did not respond to FOIA request # **18-FI-HQ-01499** addressed to FHA and closed this request out as this request was to be consolidated with FOIA request number **18-FI-HQ-01498** as stated to **Rosenberg, Howard** (employee of HUD FOIA system monitoring the referenced requests for information) verbally over the phone when he called inquiring about the request and if he could consolidate it otherwise there would be no logical reason to

that they can provide for closing out this request. A copy of this response is attached as **Exhibits - 4**

17. With a letter dated **September 13, 2018**, Defendant HUD by their FOIA Supervisor **"Sandra J. Wright"** responded to Plaintiffs FOIA request # **18-FI-HQ-00765** on behalf of **GINNIE MAE** basically stating they have no records pertaining to Plaintiffs request thereby not providing any information nor documentation. This response conflicts with their response as referenced in **#13** of this complaint which they clearly state the mortgage has been pooled in 2 different Ginnie Mae mortgage-back security pools, and it references the pool numbers therefor Defendants cannot claim there are no records regarding the referenced mortgage when they have already stated which pools the alleged mortgage has been pooled under. The Defendants own policies require certain documents to be filled out rather in paper form or electronically therefor they must have records relating to this alleged mortgage and the pools this mortgage has been pooled under otherwise they are not following their own policies and should be held accountable for such an act. Plaintiff believes that Defendant is intentionally withholding information and documentation relevant to the Plaintiffs FOIA request which is to be disclosed to the Public under FOIA because they are aware of known errors within the records of the Defendant, Ginnie Mae, in regards to the referenced mortgage and or pool of mortgages the referenced mortgage has been pooled under which is insured in a specific insurance/bond of the Defendant **(GINNIE MAE BOND, FIDELITY BOND AND ERRORS AND OMISSIONS INSURANCE)** required to be in place by the issuer and Ginnie Mae's own policies when pooling mortgages into mortgage-backed securities as the Plaintiff has been trying to get information and documentation under FOIA from the Defendants since **March of 2017**. A copy of this

response is attached as **Exhibits - 4**.

18. The public information requested from these defendants was not of a confidential nature, nor pertaining to national security.
19. Defendants did not state that the information requested was confidential or exempt.
20. Defendants did not submit an indexing of the information that they maybe denying.
21. Defendants did not inform the plaintiff of any appeals process available to plaintiff upon denial of public information through the Freedom of Information Act for the requests that were closed out without the Plaintiffs consent or knowledge.

## FEDERAL CAUSE OF ACTION

22. Paragraphs 1 through 17 are incorporated herein as if fully reproduced.
23. The above described actions and omissions engaged under color of federal authority by defendants herein, unlawfully deprived the plaintiff of rights pursuant to the Freedom of Information Act of 1966.
24. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.
25. Defendants knew or should have known that their acts and omissions violated statutory law as well as the plaintiff's right to access of public information.
26. Plaintiff reserves the right to enjoin The Department of Justice (DOJ) into this matter if they fail to respond as a FOIA request is still currently pending with this governmental agency and a response is due within a couple days from the date this complaint is filed.

## PRAYER FOR RELIEF

27. Plaintiff, Nelson L. Bruce, Sui Juris demands the following relief against the defendants:

A. Order defendants to provide access to the requested documents and information and for the immediate delivery of the requested information and documentation;
B. Expedite this proceeding as provided for in 28 U.S.C. § 1657;
C. Award plaintiff costs and expenses related to this action, as provided in 5 U.S.C. § 552(a)(4)(E);
D. Punitive damages in the amount of $25,000.00 from each Defendant who have failed to comply with the Freedom of Information Act of 1966. If one or more of the defendants to this case has been appointed/obligated to respond on behalf of the other defendant and or mediate a response from a party to which a request is directed to, they are responsible for that parties damages to the Plaintiff and the amount referenced is above is doubled, or tripled depending on the number of agencies they have been appointed/obligated to respond on behalf of;
E. An order for Compensatory damages in an amount equal to any and all amounts sued upon by the Plaintiff in regards to any other litigations where Plaintiff may have had his claims dismissed and or losses caused from the failure to respond by the Defendants under the Freedom of Information Act of 1966 as required by law as they were required to respond and produce the documents and information requested in Plaintiffs requests which is or was relevant information needed to either build and or maintain his case and to produce and develop facts in his other cases to include cases where statute of limitations may have ran out and or caused the Plaintiffs complaint to be dismissed because the evidence he has been trying to obtain from the Defendant or Defendants has been withheld by that agency or agencies:
F. An order be placed against each and every defendant ordering them to respond and or properly respond to any and all FOIA requests both now and in the future, within the timeframe required to respond to a FOIA request even if that response gives notice requesting an extension of time with details of an exact future date they will comply with the FOIA requests, not to exceed 90 days as they have an department with employees who are supposed to be trained to respond to these requests in a timely manner. This order is to take effect for any and all parties both now and in the future who have experienced or may experience similar activity from the defendants.
G. Such other and further relief as this court may deem appropriate.

Trial by jury is demanded herein.

Respectfully Presented.

"Without Prejudice"

*Nelson L. Bruce 9-26-2018*

Nelson L. Bruce, Sui Juris, Propria Persona
All Natural Right Explicitly Reserved and Retained
U.C.C. 1-207/ 1-308, 1.103.6
c/o PMB 1605 Central Avenue, Suite 6 #167
Summerville, South Carolina - ZIP Code exempt USA
Ph: 843.437.7901