IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | ) Civil Action Number: 2:18-cv-02635-BHH-MGB |
|         Plaintiff, | ) |
| vs. | ) |
| Government National Mortgage Association, (Ginnie Mae), Federal Reserve Bank of Richmond (Charlotte NC Office), U.S. Dept. Of Housing and Urban Development (HUD), Federal Housing Admin. ("FHA"), U.S. Department of the Treasury, et al., | ) |
|         Defendants. | ) |

## FEDERAL DEFENDANTS' ANSWER

COME NOW the Federal Defendants, Government National Mortgage Association, (Ginnie Mae), U.S. Dept. of Housing and Urban Development (HUD), Federal Housing Admin. ("FHA"), and the U.S. Department of Treasury by and through Sherri A. Lydon, United States Attorney, and the undersigned Assistant United States Attorney, and answers Plaintiff's Complaint. Each paragraph will be answered in turn, using the paragraph numbers and headings reflected in the Complaint. The Federal Defendants generally deny the allegations in the Complaint, and anything not specifically admitted herein is specifically denied.

### OPENING STATEMENT

Plaintiff's Opening Statement is a characterization of the Freedom of Information Act of 1966 (FOIA) to which no response is required.

### JURSIDICTION AND VENUE

1. The Federal Defendants admit so much of Paragraph 1 as alleges Plaintiff has First Amendment rights, but avers that Plaintiff's Complaint is pursuant to FOIA.

2. Upon information and belief, the Federal Defendants admit the allegations of the first sentence of Paragraph 2. The second sentence of Paragraph 2 amounts to a conclusion of law to which no response is required.

3. Upon information and belief, the Federal Defendants admit the allegations contained in Paragraph 3.

## PARTIES

4. Upon information and belief, the Federal Defendants admit the allegations contained in Paragraph 4.

5. Admit that Ginne Mae is a component of the U.S. Department of Housing and Urban Development (HUD) subject to FOIA. Defendant denies it has possession of all documents Plaintiff seeks.

6. The Federal Defendants deny that Defendant Federal Reserve Bank of Richmond is an instrument of the United States and aver that Plaintiff has voluntarily dismissed his claim against the Federal Reserve Bank of Richmond.

7. Admit that HUD is an agency of the United States subject to FOIA. Defendant denies it has possession of all documents Plaintiff seeks.

8. Admit that Defendant Federal Housing Administration (FHA) is a component of HUD subject to FOIA. Defendant denies it has possession of all documents Plaintiff seeks.

9. Admitted and Federal Defendant Department of Treasury avers that a search for responsive records was conducted and Plaintiff was advised there were no responsive records for his request.

**STATEMENT OF FACTS**

10. Upon information and belief, this Paragraph is moot due to the voluntary dismissal of the Federal Reserve Bank.

11. Admitted and Federal Defendant Department of Treasury avers an adequate search for documents was conducted and no responsive records were located. Plaintiff was advised of this result by letter from the Department of Treasury's Office of Inspector General on April 10, 2017.

12. Defendants admit receiving the following FOIA requests from Plaintiff: **17-FI-HQ-01325**, **17-FI-HQ-01707**, **17-FI-HQ-01708**, **18-A-HQ-00001**, **18-FI-HQ-00765**, **18-FI-HQ-01498**, **18-FI-HQ-01499**, **and 18-FI-HQ-01665**. Defendants deny receiving **FOIA 17-FI-HQ-0077** from Plaintiff, the actual request was **17-FI-HQ-00777**. Defendant HUD admits it is the point of contact for FOIA requests for Defendants Ginnie Mae and FHA. Defendants admit Deborah R. Snowden is Deputy Chief FOIA Officer.

13. Defendants admit that in a letter dated September 30, 2017, Defendant HUD responded to Plaintiff's FOIA request 17-FI-HQ-00777. Defendants refer to that letter for a true and complete description of its contents and deny any allegations inconsistent therewith. Defendants admit that in a letter dated November 8, 2017, Defendant HUD responded to Plaintiff's FOIA Appeal 18-A-HQ-00001. Defendants refer to that letter for a true and complete description of its contents and denies any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's communications with the Office of Government Information Services. The remainder of this

paragraph makes a legal argument or amounts to a characterization to which no response is required. To the extent a response is deemed necessary, any allegations of fact are denied.

14. The first sentence of Paragraph 14 amounts to a characterization and does not constitute a statement of fact to which a response is required. To the extent a response is deemed necessary, any allegations of fact are denied.

15. Defendants admit one of the identified FOIA requests, **18-FI-HQ-01665**, is still open and it was received on June 7, 2018. Defendants deny that FOIA request **17-FI-HQ-01708** is pending and aver that request was consolidated with **17-FI-HQ-01707** as described in letter dated August 10, 2017, page 11 of Plaintiff's Exhibits. Defendants aver a response letter dated February 28, 2019 for **17-FI-HQ-01707** was sent to Plaintiff. The rest of this paragraph makes a legal argument to which no response is required.

16. Defendants admit that in a letter dated June 29, 2018, Defendant HUD responded to Plaintiff's FOIA request 18-FI-HQ-01498. Defendants admit Howard Rosenberg is a HUD employee in FOIA Branch office. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff told Mr. Rosenberg. The remainder of this paragraph makes a legal argument to which no response is required.

17. Defendants admit that in a letter dated September 13, 2018, Defendant HUD responded to Plaintiff's FOIA request 18-FI-HQ-00765. Defendants refer to that letter for a true and complete description of its contents and deny any allegations inconsistent therewith. Sentences 3 and 4 of this paragraph amount to characterizations and do not constitute a statement of fact to which a response is required.

18. Paragraph 18 amounts to a characterization and does not constitute a statement of fact to which a response is required.

19. Deny.

20. Defendants admit they did not submit an "indexing" of the information but aver the response letters provided to Plaintiff explained the results of the searches for responsive records and any withholdings.

21. Deny.

## FEDERAL CAUSE OF ACTION

22. The Federal Defendants re-allege and incorporate its answers to paragraphs 1 – 21 as if fully set forth herein.

23. Paragraph 23 constitutes a conclusion of law to which no response is required.

24. Paragraph 24 constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, any allegations of fact are denied.

25. Paragraph 25 constitutes a conclusion of law to which no response is required.

26. Paragraph 26 constitutes a conclusion of law to which no response is required.

## PRAYER FOR RELIEF

27. The remainder of Plaintiff's complaint consists of a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## FOR A FIRST AFFIRMATIVE DEFENSE

The Defendant agencies have conducted adequate searches for responsive records to Plaintiff's FOIA requests.

## FOR A SECOND AFFIRMATIVE DEFENSE

The FOIA requests that are the subject of this lawsuit may implicate information that is protected from disclosure because it is exempt from disclosure at this time.

WHEREFORE, having fully answered Plaintiff's complaint, Defendant prays for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

                                  Respectfully submitted,

                                  SHERRI A. LYDON
                                  UNITED STATES ATTORNEY

By:   *s/Barbara M. Bowens*
       BARBARA M. BOWENS (#4004)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, SC 29201
       Phone: (803) 929-3000
       Email: Barbara.Bowens@usdoj.gov

March 1, 2019

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that she has caused service of the attached **FEDERAL DEFENDANTS' ANSWER** by a legal assistant employed in the Office of the United States Attorney for the District of South Carolina and is a person of such age and discretion as to be competent to serve papers.

That on March 1, 2019, my legal assistant served copies of the foregoing documents by CM/ECF Electronic Mail and/or by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address listed below, and by depositing said envelope and contents in the United States Mail at the U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201.

Nelson L. Bruce
c/o PMB 1605 Central Avenue, Suite 6 #167
Summerville, SC 29483

                                                *s/Barbara M. Bowens*
                                                BARBARA M. BOWENS (#4004)
                                                Assistant United States Attorney