IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:18-02635-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Government National Mortgage Association ) | |
| (Ginnie Mae), U.S. Dept. of Housing and ) | |
| Urban Development (HUD), Federal ) | |
| Housing Administration (FHA), et al, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by Plaintiff, *pro se*, pursuant to 5 U.S.C. § 552 (known as the Freedom of Information Act, or "FOIA"). Currently before the Court are Motion to Compel Discovery/Motion for Issuance of Subpoena/Motion for Extension of Time (Dkt. No. 70) and Motion for Pretrial Discovery (Dkt. No. 71), and Defendants' Motion for Protective Order (Dkt. No. 72). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons set forth below, the Court denies Plaintiff's motions and grants Defendants' motion.

**BACKGROUND**

This action arises from Defendants' alleged failure to adequately respond to certain FOIA requests submitted by Plaintiff. Specifically, Plaintiff alleges that on March 17, 2017, he "requested public information" from the "Department of Treasury" through FOIA, apparently related to certain mortgages and various housing documents bearing his name.[1] (Dkt. No. 53 at 3.)

---

[1] The U.S. Department of the Treasury was dismissed on June 11, 2019, after Plaintiff moved to dismiss this party as a defendant. (Dkt. Nos. 63; 66; 67.)

1

Plaintiff alleges he never received a response to this request. Plaintiff also alleges he "has made several requests for public information through [FOIA] from Ginnie Mae, FHA, and HUD," again related to a certain mortgages and housing documents bearing his name (*Id*.) It appears Plaintiff believed certain mortgages had been "pooled . . . into mortgage-backed securities," and Plaintiff was trying to obtain records to uncover the "new alleged creditor/lender" for those mortgages. (*Id.* at 7; Dkt. No. 53-3 at 21.) Plaintiff alleges Defendants' responses to his FOIA requests were inadequate for various reasons. (Dkt. No. 53 at 3–8.) Plaintiff asks, *inter alia*, that the Court order Defendants "to provide access to the requested documents and information" and award Plaintiff "costs and expenses related to this action." (*Id.* at 9.)

On July 30, 2019, Plaintiff filed a Motion to Compel Discovery/Motion for Issuance of Subpoena/Motion for Extension of Time (Dkt. No. 70), and a Motion for Pre-Trial Discovery (Dkt. No. 71). Plaintiff's motions ask the Court to compel responses from Defendants to Plaintiff's discovery requests and to issue subpoenas "to the parties to this case" to produce the documents at issue in Plaintiff's FOIA requests. (Dkt. No. 70 at 3.) On August 2, 2019, Defendants filed a Motion for Protective Order, asking the Court stay discovery "until after Defendants file summary judgment motions." (Dkt. No. 72.) These motions have been fully briefed and are ripe for disposition.

**STANDARD**

Rule 26 of the Federal Rules of Civil Procedure provides that evidence is discoverable only if it is relevant to any party's claims or defenses and proportional to the needs of the case. The rule also provides that the court "must limit the frequency or extent of discovery otherwise allowed by these rules" if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

2

expensive[,]" or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The Court also "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed. R. Civ. P. 26(c)(1). "Generally, the party resisting discovery bears the burden of showing that the requested discovery is irrelevant to the issues or is overly broad, unduly burdensome, unreasonable, or oppressive." *Ashmore v. Allied Energy, Inc.*, 2016 WL 301169, *3 (D.S.C. Jan. 25, 2016) (quoting *Brady v. Grendene USA, Inc.*, 2012 WL 6086881, at *2 (S.D. Cal. Dec. 6, 2012).

## **DISCUSSION**

As discussed above, Plaintiff's discovery motions ask the Court to compel responses from Defendants to Plaintiff's discovery requests and to issue subpoenas "to the parties to this case" to produce the documents at issue in Plaintiff's FOIA requests. (Dkt. Nos. 70 at 3; 71.) Plaintiff contends that "the parties have had more than enough time to" produce documents responsive to his discovery requests because "these requests were formulated exactly from the previous and current pending Freedom of Information Act Requests." (Dkt. No. 70 at 2.) Plaintiff claims that Defendant Ginnie Mae received his discovery requests on July 5, 2019, and asserts that its responses were due by August 5, 2019. (*Id.*) Similarly, he claims that Defendants HUD and FHA received his discovery requests on July 12, 2019, and contends that their responses were due by July 22, 2019. (*Id.*) Plaintiff also asks that the Court order Defendants to produce a *Vaughn* index,[2] which "is a list describing the documents an agency [has withheld]. The list must include sufficiently detailed information to enable a district court to rule whether the document falls within

---

[2] The *Vaughn* index received its name from the decision in which the use of such an index was first discussed, *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

3

a FOIA exemption." *Rein v. USPTO*, 553 F.3d 353, 357 n. 6 (4th Cir. 2009). Finally, Plaintiff asks that the Court "extend a reasonable amount of time if time is being extended to the parties to this case so Plaintiff has enough time to review all documents and responses received from the defendants before setting a pre-trial hearing date and a trial date." (Dkt. No. 71 at 2.)

Defendants oppose Plaintiff's discovery motions, arguing that his Motion to Compel is premature because he does not allow Defendants a full 30 days to respond to the discovery requests. (Dkt. No. 73 at 1 (citing Rules 33 & 34, Fed. R. Civ. P.).) Defendants also assert that Plaintiff's request for subpoenas is premature because Defendants "should be permitted to file for summary judgment prior to the court authorizing such discovery in the FOIA action." (*Id*. at 3.) Defendants also argue that Plaintiff's extension request is premature as well as his request for a *Vaughn* Index. (Dkt. No. 73 at 3.) Specifically, Defendants assert that they "will provide a *Vaughn* index, if necessary based on any withholdings, with its motion for summary judgment." (*Id.*) Defendants note that Plaintiff has failed to identify a FOIA request wherein the Defendants have asserted an exemption from disclosure. (*Id.* at 3–4.) Accordingly, it is not yet clear whether a *Vaughn* index will be necessary in this matter.

Relatedly, Defendants have filed a Motion for Protective Order, seeking a stay in discovery until after Defendants file summary judgment motions. (Dkt. No. 72.) Defendants explain that "the agency has not concluded its response to the Plaintiff's FOIA request, but is working diligently to finish the requests. Once the requests are completed, the Federal Defendants intend to move the Court for summary judgment, which is the usual course in FOIA cases." (*Id*. at 4.)

"The Freedom of Information Act was enacted to maintain an open government and to ensure the existence of an informed citizenry 'to check against corruption and to hold governors accountable to the governed.'" *Ethyl Corp. v. U.S. Envtl. Prot. Agency*, 25 F.3d 1241, 1245 (4th

4

Cir. 1994) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). FOIA permits citizens to request information possessed by the government, 5 U.S.C. § 552(a)(4)(B) (2017), and is to be construed broadly to provide information to the public, *Ethyl Corp.*, 25 F.3d at 1246. FOIA "requires each governmental agency to provide information to the public on request if the request 'reasonably describes' the record[s] sought and is made in accordance with published agency rule for making requests." *Id.* at 1245; *see* 5 U.S.C. § 552(a)(3).

In response to a valid FOIA request, the responding agency is required to conduct a search that is "reasonably calculated to uncover all relevant documents." *Ethyl Corp.*, 25 F.3d at 1246. The relevant standard for judging the adequacy of a search is not "whether every single potentially responsive document has been unearthed . . . but whether the agency has 'demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Id*. at 1246 (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350–51 (D.C. Cir. 1983))) (internal citations omitted). The agency may prove the reasonableness of its search through "relatively detailed, nonconclusory" declarations or affidavits submitted in good faith. *Carter, Fullerton & Hayes, LLC v. F.T.C.*, 601 F. Supp. 2d 728, 734 (E.D. Va. 2009) (citing *McCoy v. United States*, No. 1:04-cv-101, 2006 WL 463106, at *5 (N.D.W. Va. Feb. 24, 2006)). The declarations or affidavits must be "reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive material (if such records exist) were searched'" to allow the requesting party to challenge the adequacy of the search. *Ethyl Corp.*, 25 F.3d at 1247 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

> [T]he district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case. *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed. 759 (1980). As the *Goland* court expressed the

5

> rule, "[t]he agency's affidavits, naturally, must be 'relatively detailed' and nonconclusory and must be submitted in good faith. But if these requirements are met, the district judge has discretion to forgo discovery and award summary judgment on the basis of affidavits." *Id.*; *see also Military Audit Project v. Casey*, 656 F.2d 724 (D.C. Cir. 1981).

*Simmons v. U.S. Dep't of Justice*, 796 F.2d 709, 711–12 (4th Cir. 1986).

"If an exemption to FOIA is claimed, the court must consider whether the government 'fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law.'" *Hill v. Exec. Office for United States Attorneys*, No. 4:17-cv-27, 2017 WL 5079148, at *3 (W.D. Va. July 19, 2017) (quoting *Spannaus v. Dep't Of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987), *appeal dismissed*, 699 F. App'x 188 (4th Cir. 2017). "Thus, the court focuses on the adequacy of the government's search and whether an exemption applies when adjudicating a FOIA action, and discovery is generally limited." *Id*. "Discovery is not permitted in FOIA cases when a plaintiff seeks 'to obtain through discovery the very same information he sought to obtain by virtue of his FOIA request . . . ." *Id.* (quoting *Johnson v. DOJ*, 2007 WL 5313158, at *2 (W.D. Wis. Aug. 8, 2007)).

Indeed, "[d]iscovery is the exception and not the rule in FOIA cases." *Goldner v. Soc. Sec. Admin.*, 293 F. Supp. 3d 540, 544–45 (D. Md. 2017) (citing *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002). "Discovery in FOIA [cases] is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." *Id*. (quoting *Schrecker*, 217 F. Supp. 2d at 35); *see also Heily v. U.S. Dep't of Commerce*, 69 Fed.Appx. 171, 174 (4th Cir. 2003) ("It is well-established that discovery may be greatly restricted in FOIA cases."). "Though '[d]iscovery is usually not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are

6

sufficiently detailed, non-conclusory, and submitted in good faith,' it may be appropriate in certain cases. *Id.* (quoting *Tamayo v. U.S. Dep't of Justice*, 544 F. Supp. 2d 1341, 1343–44 (S.D. Fla. 2008)). "Even in such cases, however, discovery is '[n]ormally . . . deemed appropriate only after the agency has moved for summary judgment and submitted affidavits or declarations.'" *Id.* (quoting *Tamayo*, 544 F. Supp. 2d at 1343); *Carr v. N.L.R.B.*, No. 2:12-cv-0871, 2012 WL 5462751, at *4 (S.D.W. Va. Nov. 8, 2012) (denying plaintiff's motions to lift stay on discovery and permit him to conduct discovery in FOIA action, finding that plaintiff "has not demonstrated at this time that discovery is necessary to properly challenge the NLRB's summary judgment motion"); *see also Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("Postponing discovery until the government has submitted its dispositive motion and supporting documents allows the court to obtain information necessary to appropriately limit the scope of discovery or forego it entirely.").

Here, no motions for summary judgment have yet been filed, and dispositive motions are not due until October 3, 2019. (Dkt. No. 59.) As the above case law demonstrates, discovery is typically disallowed in the FOIA context, particularly where no motions for summary judgment have yet been filed. In the instant matter, it appears the discovery requests and subpoenas at issue largely seek to obtain through discovery the very same information Plaintiff seeks to obtain by virtue of his FOIA requests. In their Motion for Protective Order, Defendants assert that they have not yet concluded their responses to Plaintiff's FOIA requests, and state that they will move for summary judgment once the requests are completed. (Dkt. No. 72 at 4.) Accordingly, the Court finds Plaintiff's discovery motions are premature, as it remains to be seen whether the forthcoming motions for summary judgment can be resolved without discovery. *See*, *e.g.*, *Simmons*, 796 F.2d at 711–12; *Carr*, 2012 WL 5462751, at *4; *Taylor*, 673 F. Supp. 2d at 23.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Discovery/Motion for Issuance of Subpoena/Motion for Extension of Time (Dkt. No. 70) is **DENIED**, Plaintiff's Motion for Pre-Trial Discovery (Dkt. No. 71) is **DENIED**, and Defendants' Motion for Protective Order (Dkt. No. 72) is **GRANTED**. Discovery is therefore stayed in this action. If, after summary judgment motions have been filed, Plaintiff is unable to oppose the motions without further discovery, he may file a motion pursuant to Rule 56(d), Fed. R. Civ. P.[3]

AND IT IS SO ORDERED.

August 27, 2019

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 56(d) allows additional time to take discovery if a party shows "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to the motion for summary judgment. Rule 56(d), Fed. R. Civ. P.