IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | ) Civil Action Number: 2:18-cv-02635-BHH-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Government National Mortgage Association, | ) |
| (Ginnie Mae), U.S. Dept. of Housing and | ) |
| Urban Development (HUD), Federal | ) |
| Housing Admin. ("FHA"), et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE 2nd AMENDED SUPPLEMENTAL COMPLAINT**

COME NOW the Defendants, Ginnie Mae, HUD, and FHA[1], by and through A. Lance Crick, Acting United States Attorney for the District of South Carolina, and Barbara M. Bowens, Assistant United States Attorney for said District, and responds to Plaintiff's Motion For Leave to File 2nd Amended Supplemental Complaint ("Motion to Amend" or "Plaintiff's motion"). The Defendants oppose the Plaintiff's motion.

**I. Plaintiff's Motion does not meet the legal standard of Rule 15 and should be denied.**

**A. Rule 15 Legal Standard**

Plaintiff invokes Rules 15(a)(2) and 15(d) of the Federal Rules of Civil Procedure in seeking the court's leave to amend his First Amended Complaint to: (1) amend his arguments about FOIA request No. [17-] FI-HQ-01707, the already existing claim, and (2) add a new FOIA Request No. 19-FI-HQ-01742[2] and related FOIA Appeal No. 20-A-C-00009 ("new FOIA

---

[1] Ginnie Mae and FHA are components of HUD.
[2] Plaintiff mistakenly identifies this FOIA Request as No. 18-FI-HQ-01742, even though Plaintiff's own Exhibit 8 contains the Agency's August 13, 2019 acknowledgement of his August 11, 2019 FOIA request with assigned Control No. 19-FI-HQ-01742. Exhibit 8 also contains the September 20, 2019 Agency's response to FOIA No. 19-

request") as a new supplemental claim. Para 14-19 of the 2nd Amended Supplemental Complaint. (ECF No. 85-1, p. 6-9).

Rule 15(a) grants the district courts broad discretion concerning motions to amend pleadings and states:

...[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires…

Fed. R. Civ. P. 15(a)(2)

The Courts have interpreted it to mean that "leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* also *Ward Elec. Serv v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002).

Rule 15(d) provides, in relevant part:

…On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented…

Fed. R. Civ. P. 15(d)

A supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint. This distinction does not change the legal standard of review, and the courts consider whether there is a prejudice to the opposing party and futility of argument. *See Franks* at 196.

---

FI-HQ-01742 and Plaintiff's appeal of that decision. The Defendants acknowledge that the confusion may stem from the Agency's December 6, 2019 response to the Plaintiff's appeal, wherein the Agency misidentified the FOIA request number.

Here, the Defendants would be unjustly prejudiced should such late amendment and supplement be allowed. Moreover, both the amendment and the supplement are futile for the purposes of defeating the Defendants' Motion for Summary Judgment that is pending before this court.

**B. Defendants would be unduly prejudiced if the Motion to Amend is granted.**

The courts justify denial of the request to amend when doing so would cause "undue prejudice to the opposing party." *Forman* at 182; *Ward* at 497, *Frank* at 193.

Here, it has been fifteen (15) months since the case was initiated on September 27, 2018. Defendants already agreed to Plaintiff's first request to amend the complaint on April 17, 2019, ECF No. 51, and the First Amended Complaint was filed on April 18, 2019. ECF No. 53. The First Amended Complaint added one new FOIA claim that Plaintiff has submitted to the Defendants after the lawsuit was filed, in addition to expanding his arguments on several other FOIA claims. *Id*. Thereafter, the Defendants have filed the Motion for Summary Judgement ("MSJ") on all claims on October 3, 2019. ECF No. 80. Plaintiff responded on November 6, 2019, ECF No. 83, and the Defendants filed their Reply on November 13, 2019. ECF No. 84.

    1) <u>The Court should deny Plaintiff's Motion to Amend under Rule 15(a)(2) to include additional arguments concerning FOIA request No. FI-HQ-01707.</u>

The Second Amended Complaint adds proposed language concerning this FOIA request in paragraphs 14 and 19. ECF No. 85-1. Paragraph 14 of the Second Amended Supplemental Complaint ("the 2nd Amended Complaint") specifically requests to incorporate Plaintiff's Arguments in Opposition to the Defendants' MSJ into the body of the 2nd Amended Complaint. *Id*. at p.6. Paragraph 19 does not contain any facts or legal arguments concerning this FOIA requests, but alleges that the Defendants "do not want to produce and disclose" the requested forms

Plaintiff should not be allowed to have two bites at the same apple. The proposed 2nd

3

Amended Complaint contains no new facts or legal theories regarding this FOIA request; it only repeats the arguments from the Plaintiff's Opposition to the Defendants' MSJ. Plaintiff has had ample time to prepare those arguments and was given a fair opportunity to present them to the court in his opposition submission. The Defendants would be unjustly prejudiced if they are placed in position in having to re-argue their MSJ on FOIA Request No. FI-HQ-01707 when there have been no new facts or legal claims raised by Plaintiff.

> 2) The Court should deny Plaintiff's Motion to Amend under Rule 15(d) to include supplemental claim concerning new FOIA request.

Plaintiff now seeks to amend the 1st Amended Complaint to add a claim based on a new and distinct FOIA request that was not filed with the Agency until August 11, 2019. The Defendants already spent time and resources on responding to Plaintiff's 1st Amended Complaint and would be unduly prejudiced if a decision on the pending MSJ is delayed further.

The courts allow the filling of a supplemental complaint when it is necessary to cure a possible defect in a complaint. *Franks*, 313 F3rd at 198. Here, Plaintiff has not advocated that he tries to cure a defect by supplementing the 1st Amended Complaint with the new FOIA claim, nor can he. If the Plaintiff's motion is granted and he is allowed to continue to amend to add new FOIA requests, then there is a significant risk that this case will never have closure as Plaintiff has filed numerous FOIA requests with the Agency and continues to do so. Plaintiff will continue to amend the instant matter *in perpetium* as soon as he receives "unsatisfactory" responses to other FOIA requests.[3] On the other hand, there would be no detriment to Plaintiff to start a new lawsuit

---

[3] Since 2017, Plaintiff has filed 11 separate FOIA Requests and 2 FOIA Appeals, with 9 FOIA requests and 1 Appeal being named in the Plaintiff's Complaints. With one new supplemental FOIA Request and related Appeal, it would leave only one FOIA request that has not been litigated during this time.

to address his concerns regarding the Agency's responses to his recent and separate new FOIA Request No. 19-FI-HQ-01742 and subsequent appeal case. *Id*. at p.9.

**C. Allowing Plaintiff to amend at this time would be futile.**

The courts also deny leave to amend when doing so would result in "futility of amendment." *Forman* at 182; *Ward* at 497; *Franks* at 193. Here, the proposed 2nd Amended Complaint would add facts about the new FOIA Request, as well as some arguments regarding the existing FOIA request No. FI-HQ-01707 that was part of the 1st Amended Complaint ("existing FOIA Request"). Para 14-19 of the 2nd Amended Supplemental Complaint (ECF No. 85-1, p. 6-9).

Neither the new FOIA request, nor the added arguments regarding the existing FOIA Request would affect the pending MSJ, and as such, the proposed changes are futile. The new FOIA request would not affect the outcome of the pending MSJ as each FOIA requests stands on its own. Regarding the existing FOIA request, the proposed 2nd Amended Complaint does not add any facts, except requesting to incorporate Plaintiff's Arguments in Opposition to the Defendants' MSJ into the body of the 2nd Amended Complaint.

As evidenced by the Plaintiff's Motion to Amend and the proposed 2nd Amended Complaint, Plaintiff misunderstands the operations of FOIA and the Agency's duty under FOIA. Both the Motion to Amend and the proposed 2nd Amended Complaint raise various Plaintiff's arguments and questions about Defendants' internal operations, their policies and procedures. Such issues go beyond the purposes of FOIA. The Agency is only required, under FOIA, to "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents" and "perform[s] more than a perfunctory search" to identify responsive records. *Ancient Coin Collectors Guild v. United States Dep't of State*, 641 F.3d. 504, 514 (D.C.

Cir. 2011) (internal quotation marks omitted); *see also Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Plaintiff's averments about how he thinks Defendants should operate and whether they "are not following their own policies and should be held accountable for such act" are irrelevant in FOIA litigation. The Agency's duty is only to conduct an adequate search and produce the documents it has, not the documents Plaintiff thinks the Agency ought to have. The Agency already explained, in the Declaration of Paul St. Laurent III in support of the Agency's MSJ (*See* ECF No. 80-2) that, in its normal course of business, Ginnie Mae does not receive or maintain the type of documents requested by Plaintiff. (ECF No. 80-2, ¶¶ 5, 24-25, 31, 41, and 50.)

Finally, the Plaintiff's Motion to Amend requests to "expand the scope of the information requested in the complaint to encompass other items that are connected with previous FOIA requests items requested in the initial FOIA request that is the basis for the proceeding." (ECF No. 85 at p.6) While it is not clear what the Plaintiff is requesting, to the extent he may be seeking to amend the FOIA requests themselves, such request should be denied, too.

In summary, the Defendants oppose Plaintiff's motion seeking leave to amend the 1st Amended Complaint as it would both delay resolution of the case and unduly prejudice the Defendants. However, if the court grants the motion (in part or in full), the Defendants respectfully request that in the interest of the judicial economy the court rule on the pending Defendant's MSJ, and let the new FOIA request be adjudicated separately on its own partial MSJ.

                                Respectfully submitted,

                                A. LANCE CRICK
                                ACTING UNITED STATES ATTORNEY

By:    *s/Barbara M. Bowens*
        BARBARA M. BOWENS (#4004)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Phone: (803) 929-3000
        Email: Barbara.Bowens@usdoj.gov

December 30, 2019

7

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that she has caused service of the attached **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED SUPPLEMENTAL COMPLAINT** by a legal assistant employed in the Office of the United States Attorney for the District of South Carolina and is a person of such age and discretion as to be competent to serve papers.

That on December 30, 2019, my legal assistant served copies of the foregoing documents by CM/ECF Electronic Mail and/or by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address listed below, and by depositing said envelope and contents in the United States Mail at the U.S. Attorney's Office, 1441 Main Street, Suite 500, Columbia, SC 29201.

Nelson L. Bruce
c/o PMB 1605 Central Ave., Ste 6 #167
Summerville, SC 29483

*s/Barbara M. Bowens*
BARBARA M. BOWENS (#4004)
Assistant United States Attorney